**Ralph KAHN, Sanford Kahn, Plaintiffs,**

v.

**EASTSTATES GAS PRODUCING CO. et al., Defendants.**

**Civ. A. No. C 72–1028.**

United States District Court,
N. D. Ohio, E. D.

Feb. 14, 1973.

Byron S. Krantz, Metzenbaum, Gaines, Finley & Stern Co., L.P.A., Cleveland, Ohio, for plaintiffs.

Chester E. Gordon, Albert E. Fowerbaugh, Fowerbaugh, Poe & Chesney, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

WILLIAM K. THOMAS, District Judge.

On January 11, 1973, plaintiffs Ralph Kahn and Sanford Kahn, pursuant to Rule 37(a), Federal Rules of Civil Procedure moved this court to compel defendants Eaststates Gas Producing Co. (herein Eaststates), Gerard Altieri, and C. Stephen Babin to answer individually, plaintiffs' interrogatories which were served on October 3, 1972. By affidavit, counsel for plaintiffs avers compliance with Rules 2(a)(5) and (6), L.Civ.R. Counsel's affidavit also states that defendants were unwilling to answer the interrogatories until counsel for defendants completed their discovery. Counsel for plaintiffs also requests reasonable expenses incurred in seeking this order.

On January 18, 1973, pursuant to Rule 26(c), Federal Rules of Civil Procedure defendants jointly moved this court for a protective order "delaying the answering of interrogatories . . . until after depositions have been taken." In his affidavit counsel for defendants Eaststates and Altieri represents that one plaintiff's deposition was scheduled for January 25, 1973, and the second shortly thereafter. Counsel states his belief that information obtained from the depositions would form the basis for a sum-

mary judgment motion and that this was the most expedient method of conducting discovery because defendants "have very limited assets."

Aware of defendants' problem and of plaintiffs' desire to go forward with its case, a compromise was attempted. By telephone it was suggested that defendants invoke their option pursuant to Rule 33(c) for all interrogatories directed to the corporation and capable of being answered in this manner. As to the remainder it was suggested they be answered. This compromise was acceptable to counsel for plaintiffs but unacceptable to defendants' counsel. As a result, this court must now enter its order.

Rule 33, Federal Rules of Civil Procedure provides:

> The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant.

Under the rule defendants were allowed 45 days within which to answer (November 17, 1972). On November 1, 1972, by mutual agreement the answer date for the interrogatories served upon defendant Babin was extended to December 29, 1972. No objections have been raised to any interrogatories by any defendants and, to date, all are unanswered.

Rule 26(d) provides:

> (d) *Sequence and Timing of Discovery.* Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and *the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.* [Emphasis added.]

Counsel for defendant does request this court to delay plaintiffs' discovery.

Rule 26(c) however, provides that before a protective order is issued good cause must be shown by the person from whom discovery is sought. No such showing is made.

In his affidavit counsel for defendants Eaststates and Altieri states that he abstained from taking depositions because he was requested to do so by counsel for plaintiffs. While the statement is uncontradicted counsel does not state that the request to delay was so lengthy that he was unable to take the depositions or that the delay was the reason the depositions were not taken.

While counsel wishes to depose both plaintiffs, one of the plaintiffs, Sanford Kahn, is in Florida. Apparently the other plaintiff is presently within this district and is able to be deposed. Yet counsel for defendants has not filed a notice to take his deposition nor has he sought the issuance of a deposition subpoena requiring him to appear. It should also be observed that the notice to take Sanford Kahn's deposition was filed just one hour before counsel's motion for protective order was filed and just one day after the attorneys held their required personal conference which must be conducted before plaintiffs could file their Rule 37 motion. Moreover, the docket sheet reveals that no deposition subpoena was ever served upon plaintiff Sanford Kahn.

Further bearing on the lack of good cause is the fact that all interrogatories have remained unanswered for approximately 130 days. Even the most simple, direct and effortless ones remain unanswered. Also, the corporation chose not to avail itself of the option in Rule 33(c), not even for *some* interrogatories. Additionally, the length of time that the requested protective order will delay plaintiffs' discovery is indefinite. For the foregoing reasons good cause for the issuance of a protective order has not been shown by defendants.

Therefore, it is ordered that each defendant answer the interrogatories pro-

**134**

pounded by plaintiffs on or before March 5, 1973.

Plaintiffs first undertook discovery and are entitled to the answers to their interrogatories before defendants will be permitted to proceed with their proposed deposition interrogation of the plaintiffs. Arrangement of this sequence of discovery, authorized under Rule 26(d) upon motion, is granted as relief under plaintiffs' Rule 37 motion. Should the defendants fail to answer interrogatories as ordered, further appropriate relief under Rule 37 will be imposed.

Plaintiffs' motion to stay the deposition of Sanford Kahn is not immediately necessary since Sanford Kahn, while in Florida, is not subject to a local deposition subpoena. However, as a party he is subject to deposition appearance under an order of this court. Therefore, plaintiffs' motion to stay Sanford Kahn's deposition is granted, conditioned upon his appearance at a deposition in Cleveland, Ohio, subsequent to defendants' compliance with the within order, but not before March 20, 1973.

It is so ordered.